IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

2005 AUG 18 PM 12:00

CROWN PACKAGING
TECHNOLOGY, INC. and CROWN
CORK & SEAL USA, INC.,

  Plaintiffs,

v.

BALL METAL BEVERAGE
CONTAINER CORPORATION,

  Defendant.

Civil Action No. 3 : 05 cv 0281

WALTER HERBERT RICE

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Crown Packaging Technology, Inc. ("Crown Technology") and Crown Cork & Seal Company USA, Inc. ("Crown USA") (collectively "Crown") hereby complain and allege against Defendant Ball Metal Beverage Container Corporation ("Ball") as follows:

### THE PARTIES

1. Crown Technology is a Delaware corporation having a principal place of business at 11535 South Central Avenue, Alsip, IL 60803. Crown Technology is a research, development, and engineering company specializing in metal packaging for the beverage and food industry.

2. Crown USA is a Delaware corporation having a principal place of business at One Crown Way, Philadelphia, Pennsylvania 19154. Crown USA is in the business of

- 1 -

manufacturing and selling metal beverage can components, including can ends and can bodies. Crown USA manufactures and sells patented can ends known as Superends from its plant in Dayton, Ohio.

3. On information and belief, Ball is a Colorado corporation having a principal place of business at 9300 West 108th Circle, Broomfield, Colorado 80021. Ball is in the business of manufacturing and selling metal beverage can components, including can ends and can bodies. Ball sells metal beverage can components throughout the State of Ohio, including to Miller in Trenton, and Pepsi and Shasta in Columbus. Ball manufactures and sells alleged infringing can ends from its plant in Findlay, Ohio.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), and 2201. Venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## THE PATENT

5. On February 1, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,848,875 ("the 875 patent"), entitled "Can End and Method for Fixing Same to a Can Body." The 875 patent is directed to methods of forming a double seam between beverage can bodies and can ends.

6. Crown Technology is the assignee of the 875 patent.

7. Crown USA is the exclusive licensee of the 875 patent. At all times relevant, Crown USA has held all substantial rights under the 875 patent, including without limitation, the

right under the patent to practice the claimed invention in the United States, to bring suit for infringement of the patent in its own name, to recover any and all damages for past, present, and future infringement of the patent, to enter into any settlement or compromise of any claim arising under the patent, and to sublicense others.

### COUNT I (INFRINGEMENT OF U.S. PATENT NO. 6,848,875)

8. The allegations contained in paragraphs 1-7 above are incorporated herein by reference as if set forth in full.

9. On information and belief, Ball and Container Development Ltd. co-developed a purported lightweight can end known as the CDL end. On information and belief, Container Development Ltd. has a principal place of business in Dayton Ohio.

10. Ball has made, sold and offered for sale, and is now making, selling and offering for sale, CDL can ends to PepsiCo, including its bottling subsidiaries and/or affiliates (together "Pepsi"), to The Coca-Cola Company, including its bottling subsidiaries and/or affiliates (together "Coke"), and possibly others in the United States. On information and belief, these ends are manufactured by Ball at its manufacturing plant in Findlay, Ohio. Furthermore, on information and belief, these ends are manufactured using shell press tooling made by Stolle-Formatec, which, on information and belief, has a principal place of business in Dayton, Ohio and conversion press tooling made by Stolle Machinery Co., which, on information and belief, has a principal place of business in Sidney, Ohio.

11. On information and belief, Ball has actively induced Pepsi, Coke and possibly others to directly infringe at least claims 50, 52, and 61of the 875 patent by, *inter alia*, supplying CDL can ends for use in carrying out the claimed methods of forming double seams, and on

information and belief, by providing training, instruction, and other services in the United States in support of such use.

12. On information and belief, Ball has contributed to the direct infringement of at least claims 50, 52, and 61 of the 875 patent claims by Pepsi, Coke and possibly others by, *inter alia*, selling CDL can ends for use in carrying out methods in the United States for forming double seams between can bodies and CDL can ends, knowing the same to be especially made and especially adapted for use in a method, the practice of which is an infringement of the 875 patent.

13. On information and belief, Ball has been aware of the 875 patent since its date of issuance, on or about February 1, 2005. Ball has continued to manufacture and sell the CDL end despite its awareness the 875 patent. Thus, Ball's infringement of the 875 patent has been, and continues to be, willful and deliberate.

14. Crown Technology and Crown USA have been damaged by Ball's infringing activities.

15. On information and belief, Ball will continue its infringing activities unless enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Crown Technology and Crown USA request of this Court enter a final judgment:

    a. holding that Ball has infringed the 875 patent under 35 U.S.C. § 271;

    b. awarding damages adequate to compensate Crown for the infringement of the 875 patent by Ball, together with prejudgment and post-judgment interest and costs as fixed by the Court as provided by 35 U.S.C. § 284;

c. finding that infringement has been willful and awarding treble damages as provided by 35 U.S.C. § 284;

d. finding that this is an exceptional case and awarding to plaintiffs of their reasonable attorneys' fees incurred in prosecuting this action as provided by 35 U.S.C. § 285;

e. permanently enjoining Ball, and its affiliates, and officers, agents, employees, attorneys, and all other persons in active concert or participation with it, from further infringement of the 875 patent during its term as provided by 35 U.S.C. § 283; and

h. Such other and further relief as the Court deems just and proper.

Dated: August, 18, 2005

David C. Greer, trial attorney (0009090)
James H. Greer, trial attorney (0046555)
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402
(937) 223-3277
dcg@bgllaw.com

*Attorney for Plaintiffs*
*Crown Packaging Technology, Inc. and*
*Crown Cork & Seal USA, Inc.*

Of Counsel:

Dale M. Heist
Lynn A. Malinoski
Chad E. Ziegler
WOODCOCK WASHBURN, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100