IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CROWN PACKAGING TECHNOLOGY, :
INC., et al., :
           Plaintiffs, :
                                   Case No. 3:05cv281
vs. :
                                   JUDGE WALTER HERBERT RICE
BALL METAL BEVERAGE :
CONTAINER CORP., :
           Defendant. :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WILLFULNESS (DOC. #80)

---

The Plaintiffs bring this litigation, alleging that the Defendant has infringed on certain claims set forth in two patents owned by Plaintiff Crown Packaging Technology, Inc., and licensed to Plaintiff Crown Cork & Seal, Inc.,[1] to wit: U.S. Patent Nos. 6,935,826 ("the '826 patent") and 6,848,875 ("the '875 patent"). These two patents relate to the ends of metal beverage cans used for beer and soft drinks, and the method of securing the ends of the cans onto the bodies of the cans,[2] which the parties and the patents refer to as seaming. In particular, the

---

[1] This Court will refer to those two entities collectively as "Crown" or as "Plaintiffs."

[2] Colloquially, a can end is the top of a can.

Plaintiff has alleged that Defendant Ball Metal Beverage Container Corporation ("Ball" or Defendant") is infringing on claim 14 of the '826 patent and claims 50 and 52 of the '875 patent. According to Crown, these patents allow a significant saving in the amount of metal necessary for can tops, without requiring an enormous outlay of capital, thus cutting costs for users. See Doc. #23 at 2-3, 4. Plaintiffs state that the two patents accomplish that end by altering the geometry of the can top and modifying the seaming process. Id. at 4. Crown indicates that metal is saved, because the new geometry increases the strength of the cans, permitting them to be thinner. Id. at 6.

In its Decision of September 8, 2009 (Doc. #101), this Court granted the Defendant's request for summary judgment, concluding that the patents-in-suit were invalid for violating the written description requirement, set forth in 35 U.S.C. § 112, and as anticipated by Japanese Patent Application No. 57-117323 by Toyo Seikan Kaisha, Ltd. ("Toyo"). As a consequence, the Court sustained the Defendant's Motion for Summary Judgment (Doc. #60), as it relates to the question of invalidity, and overruled, as moot, its Motion for Summary Judgment on Willfulness (Doc. #80). The Court now rules on Defendant's request for summary judgment on Plaintiffs' request for an award of damages based upon Defendant's alleged willful infringement of the patents-in-suit.

Plaintiffs appealed this Court's decision to the Federal Circuit. Initially, that court decided, as a matter of law, that the patents-in-suit met the written description requirement set forth in 35 U.S.C. § 112, thus reversing this Court's entry of summary judgment on this issue in favor of Ball and entering same in favor of Crown. See Crown Packaging Technology, Inc. v. Ball Metal Beverage

- 2 -

Container Corp., 635 F.3d 1373 (Fed. Cir. 2011). In addition, that court, with one Judge dissenting, concluded that genuine issues of material fact precluded this Court's entry of summary judgment in favor of Ball on the question of whether the patents-in-suit were invalid, in violation of 35 U.S.C. § 102, as being anticipated by Toyo.

In In re Seagate Technology, LLC, 497 F.3d 1360 (Fed. Cir. 2007) (en banc), the Federal Circuit established the test for willfulness, holding:

> [T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. ... If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

Id. at 1371 (citation omitted).

The parties have briefed the issue of Ball's entitlement to summary judgment on the issue of wilfulness, in memoranda filed in support of and in opposition to Defendant's initial request for an award of summary judgment on this question, as well as in their post-remand memoranda. See Docs. 80, 84, 86, 115 and 116

Ball argues that it is entitled to summary judgment on the issue of willfulness, given that the evidence fails to raise a genuine issue of material fact concerning the first prong of the Seagate test. Thus, Ball asserts, as a matter of law, that Plaintiffs cannot establish by clear and convincing evidence that it (Defendant) "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." In response, Crown points to the following evidence as raising a genuine issue of material fact on the first prong of the Seagate test.

Ball learned of Crown's SuperEnd can end ("Crown can end"), and its commercial embodiment as early as 2000, and in March, 2000, learned Crown was seeking patent protection for it. Ball then joined one of its largest customers, Anheuser- Busch ("A-B"), and a subsidiary of A-B to develop a new can end to compete with Crown's newly developed such. At a development meeting, Ball, A-B and its subsidiary recognized that their design might have patent implications with the Crown can end. Thus, A-B and its subsidiary challenged the Crown can end in Federal District Court for the Western District of Wisconsin in a declaratory judgment action. In that litigation, Judge John Shabaz concluded that the can end developed to compete with Crown's did not infringe upon the Crown can end. Before this litigation had been initiated, that determination had been reversed by the Federal Circuit. 121 Fed. Appx. 388 (Fed. Cir. 2004). By the time the Federal Circuit reversed Judge Shabaz, Ball had begun a small commercial run of its new can end.

On February 1, 2005, the '875 patent was issued and Ball learned that the '826 patent would soon issue. Those events caused A-B and its subsidiary to enter into a license/settlement agreement with Crown, under which A-B and its subsidiary paid royalties to use the can end they had developed with Ball that had been the subject of the litigation in the Western District of Wisconsin and is in issue in this lawsuit. On August 18, 2005, two days after the license/settlement agreement had been executed, Crown initiated this litigation.

The foregoing recitation of factual events causes this Court to conclude that

the jury could find, based upon clear and convincing evidence, that, when it began the small commercial run of its can end in August, 2005, Ball acted "despite an objectively high likelihood its actions constituted infringement of a valid patent."

Accordingly, the Court overrules Defendant's Motion for Partial Summary Judgment on Willfulness (Doc. #80).[3]

December 20, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[3]Within ten calendar days from date, the Court will rule on the remaining aspects of Defendant's Motion for Summary Judgment on Infringement and Invalidity (Doc. #60).

- 5 -